ELIZABETH PIPKIN (243611)
TYLER ATKINSON (257997)
PRIYA SWAMINATHAN (349074)
McMANIS FAULKNER
a Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
Email: epipkin@mcmanislaw.com
tatkinson@mcmanislaw.com
pswaminathan@mcmanislaw.com

*Attorneys for Defendant,*
The Church of Jesus Christ of Latter-day Saints (also improperly sued as the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints and the Corporation of the President of the San Jose Stake of the Church of Jesus Christ of Latter-day Saints)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHNO GEPPERT, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, INC., A UTAH CORPORATION SOLE; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, INC. N/K/A THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, INC.; A UTAH CORPORATION SOLE, CORPORATION OF THE PRESIDENT OF THE SAN JOSE STAKE OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, A CALIFORNIA CORPORATION SOLE; AND DOES 4-10, inclusive,<br><br>Defendants. | Case No.: 5:23-CV-05763-SVK<br><br>**ANSWER OF DEFENDANT THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS TO SECOND AMENDED COMPLAINT FOR DAMAGES** |

Defendant, THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS (also improperly sued as the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints) ("Defendant") hereby answers the Second Amended Complaint for Damages ("Complaint"), of Plaintiff ROHNO GEPPERT ("Plaintiff")[1].

Defendant denies that the Corporation of the President of the San Jose Stake of the Church of Jesus Christ of Latter-day Saints ("CPSJS") is a properly named defendant.  CPSJS is an entirely separate corporation and has no relationship to the facts in this matter.  CPSJS exists to merely hold unrelated personal property.  Defendant incorporates this response by reference in each instance that CPSJS is named or otherwise referred to in the Complaint as a defendant.

Defendant denies all allegations contained in the Complaint unless specifically admitted below.  Defendant denies Plaintiff's unnumbered paragraph purporting to describe the "nature of the action."  Defendant admits, denies, or otherwise answers the specific numbered allegations in the Complaint as follows:

1. In answer to Paragraph 1 of the Complaint, Defendant admits that Plaintiff, Rohno Geppert ("Plaintiff"), is an adult male who currently resides in the State of Arizona.

2. In answer to Paragraph 2 of the Complaint, Defendant admits that Plaintiff was a member of the Church of Jesus Christ of Latter-day Saints (the "Church") at some point in time. To the extent a further response is required, Defendant denies the remaining allegations contained in Paragraph 2.  Defendant further denies CPSJS's involvement in this matter.

3. In answer to Paragraph 3 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation contained therein.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 3.

4. In answer to Paragraph 4 of the Complaint, Defendant admits that it operated and controlled the Milpitas Ward of the Jesus Christ Church of Latter-Day Saints.  Defendant denies that CPSJS operated, controlled, or otherwise had anything to do with the Milpitas Ward.

---

[1] Defendant, the Church, answers for the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints, an entity that has merged into the Church.

2

ANSWER OF DEFENDANT THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS TO COMPLAINT FOR DAMAGES; Case No. 5:23-CV-05763-SVK

1    5.    In answer to Paragraph 5 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation contained therein.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 5.

6.    In answer to Paragraph 6 of the Complaint, Defendant admits that the Church was a Utah Corporation with its principal place of business in Utah.  Defendant denies the remaining allegations contained in paragraph 6.

7.    In answer to Paragraph 7 of the Complaint, Defendant admits that the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints ("CPB") was a Utah Corporation with its principal place of business in Utah.  Defendant further avers that in 2020, CPB was renamed The Church of Jesus Christ of Latter-day Saints.   Defendant denies the remaining allegations contained in paragraph 7.

8.    In answer to Paragraph 8 of the Complaint, Defendant denies CPSJS's involvement in this matter. Defendant admits that the CPSJS is not an ecclesiastical subunit of the Church.  Defendant denies the remaining allegations contained in Paragraph 8.

9.    In answer to Paragraph 9 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.  To the extent a further response is required, Defendant denies the allegations in Paragraph 9.  The positions Jenks is alleged to have held in Paragraph 9 of the Complaint are volunteer ecclesiastical positions within the Church.  They are not positions within CPSJS.

10.   In answer to Paragraph 10 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.  To the extent a further response is required, Defendant denies the allegations in Paragraph 10.  The positions Jenks is alleged to have held in Paragraph 10 of the Complaint are volunteer positions within the Church.  They are not positions within CPSJS.

11.   In answer to Paragraph 11 of the Complaint, Defendant admits that local congregations are called "wards," and groups of wards form larger ecclesiastical units known as "stakes."  Defendant denies each and every other allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require

this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

12. In answer to Paragraph 12 of the Complaint, Defendant denies that the Milpitas Ward is a subdivision of CPSJS and that the CPSJS had anything to do with the Milpitas Ward. Defendant admits that the Milpitas Ward is a subdivision of the Church and that Church members are invited to volunteer in various "callings" in Church congregations. Defendant denies each and every other allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

13. In answer to Paragraph 13 of the Complaint, Defendant admits that Church leaders in wards and stakes are volunteers. Defendant denies each and every other allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution. Further, to the extent Paragraph 13 states a legal conclusion, it is denied.

14. In answer to Paragraph 14 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein. To the extent a further response is required, Defendant denies the allegations in Paragraph 14.

15. In answer to Paragraph 15 of the Complaint, this paragraph contains only legal conclusions, and thus, does not require a response.

16. In answer to Paragraph 16 of the Complaint, Defendant denies that this Court has jurisdiction over CPSJS.

17. In answer to Paragraph 17 of the Complaint, this paragraph contains only legal conclusions, and thus, does not require a response.

18. In answer to Paragraph 18 of the Complaint, this paragraph contains only legal conclusions, and thus, does not require a response.

19. In answer to Paragraph 19 of the Complaint, Defendant denies that this Court has jurisdiction over CPSJS. Defendant denies the remaining allegations in Paragraph 19.

20. In answer to Paragraph 20 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein. To the extent a further response is required, Defendant denies the allegations in Paragraph 20.

21. In answer to Paragraph 21 of the Complaint, Defendant incorporates its responses to the allegations to the allegations in Paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. In answer to Paragraph 22 of the Complaint, Defendant denies that CPSJS operated, controlled, or otherwise had anything to do with the Milpitas Ward. Defendant denies the remaining allegations contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

23. In answer to Paragraph 23 of the Complaint, Defendant denies that Kenneth Jenks used any position with Defendant to sexually abuse Plaintiff. Defendant denies each and every other allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

24. In answer to Paragraph 24 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies each and every allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

25. In answer to Paragraph 25 of the Complaint, Defendant denies each and every allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

26. In answer to Paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

27. In answer to Paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

28. In answer to Paragraph 28 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies each and every allegation contained therein as they raise questions of Church doctrine, polity, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

29. In answer to Paragraph 29 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 29.

30. In answer to Paragraph 30 of the Complaint, Defendant denies that Plaintiff was abused by Kenneth Jenks while Jenks was acting as "DEFENDANTS' teacher, executive secretary, librarian, and church leader …." Defendant denies each and every other allegation

contained therein as they raise questions of Church doctrine, polity, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

31. In answer to Paragraph 31 of the Complaint, Defendant denies that Plaintiff was abused by Kenneth Jenks while Jenks was acting as "DEFENDANTS' teacher, executive secretary, librarian, and church leader …." Defendant denies each and every other allegation contained therein as they raise questions of Church doctrine, polity, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

32. In answer to Paragraph 32 of the Complaint, Defendant denies that Kenneth Jenks was ever Defendant's employee. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 32.

33. In answer to Paragraph 33 of the Complaint, Defendant denies that Kenneth Jenks was ever Defendant's employee. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 33.

34. In answer to Paragraph 34 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 34.

35. In answer to Paragraph 35 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 35.

36. In answer to Paragraph 36 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required. To the extent a

1  further response is required, Defendant denies the allegations contained in Paragraph 36.

2   37. In answer to Paragraph 37 of the Complaint, Defendant denies each and every allegation contained therein.

   38. In answer to Paragraph 38 of the Complaint, Defendant denies each and every allegation contained therein.

   39. In answer to Paragraph 39 of the Complaint, Defendant denies each and every allegation contained therein.

   40. In answer to Paragraph 40 of the Complaint, Defendant denies each and every allegation contained therein.

   41. In answer to Paragraph 41 of the Complaint, Defendant denies that Kenneth Jenkins used any position he may have held in the Church to sexually abuse Plaintiff.  Defendant denies each and every other allegation contained therein as they raise questions of Church doctrine, polity, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

   42. In answer to Paragraph 42 of the Complaint, Defendant denies that Kenneth Jenks used any position he may have held with the Church to sexually abuse Plaintiff.  Defendant denies each and every other allegation contained therein as they raise questions of Church doctrine, polity, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

   43. In answer to Paragraph 43 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 43.

   44. In answer to Paragraph 44 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph

8

ANSWER OF DEFENDANT THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS TO COMPLAINT FOR DAMAGES; Case No. 5:23-CV-05763-SVK

44.

45. In answer to Paragraph 45 of the Complaint, Defendant denies each and every allegation contained therein.

46. In answer to Paragraph 46 of the Complaint, Defendant denies each and every allegation contained therein.

47. In answer to Paragraph 47 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 47.

48. In answer to Paragraph 48 of the Complaint, Defendant denies each and every allegation contained therein.

49. In answer to Paragraph 49 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein.  To the extent a further response is required, Defendant denies the remaining allegations contained in Paragraph 49.

50. In answer to Paragraph 50 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 50.

51. In answer to Paragraph 51 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 51.

52. In answer to Paragraph 52 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 52.

53. In answer to Paragraph 53 of the Complaint, Defendant denies each and every allegation contained therein.

54. In answer to Paragraph 54 of the Complaint, Defendant denies each and every allegation contained therein.

55. In answer to Paragraph 55 of the Complaint, Defendant denies each and every allegation contained therein.

56. In answer to Paragraph 56 of the Complaint, Defendant denies each and every allegation contained therein.

57. In answer to Paragraph 57 of the Complaint, Defendant denies each and every allegation contained therein.

58. In answer to Paragraph 58 of the Complaint, Defendant denies each and every allegation contained therein.

59. In answer to Paragraph 59 of the Complaint, Defendant denies each and every allegation contained therein.

60. In answer to Paragraph 60 of the Complaint, Defendant denies each and every allegation contained therein.

61. In answer to Paragraph 61 of the Complaint, Defendant denies each and every allegation contained therein.

62. In answer to Paragraph 62 of the Complaint, Defendant states the allegations contained therein are legal conclusions and therefore no response is required.  Defendant lacks sufficient knowledge or information to form a belief as to the alleged injuries sustained by Plaintiff.  To the extent a further response is required, Defendant denies the remaining allegations contained in Paragraph 62.

63. In answer to Paragraph 63 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the alleged injuries sustained by Plaintiff.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 63.

64. In answer to Paragraph 64 of the Complaint, Defendant incorporates its responses to the allegations to the allegations in Paragraphs 1 through 64 of the Complaint as if fully set

forth herein.

65. In answer to Paragraph 65 of the Complaint, Defendant states the allegations contained therein are legal conclusions and therefore no response is required.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 65.

66. In answer to Paragraph 66 of the Complaint, Defendant states the allegations contained therein are legal conclusions and therefore no response is required.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 66.

67. In answer to Paragraph 67 of the Complaint, Defendant states the allegations contained therein are legal conclusions and therefore no response is required.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 67.

68. In answer to Paragraph 68 of the Complaint, Defendant states the allegations contained therein are legal conclusions and therefore no response is required.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 68.

69. In answer to Paragraph 69 of the Complaint, Defendant states the allegations contained therein are legal conclusions and therefore no response is required.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 69.

70. In answer to Paragraph 70 of the Complaint, Defendant states the allegations contained therein are legal conclusions and therefore no response is required.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 70.

71. In answer to Paragraph 71 of the Complaint, Defendant states the allegations contained therein are legal conclusions and therefore no response is required.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 71.

72. In answer to Paragraph 72 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 72.

73. In answer to Paragraph 73 of the Complaint, Defendant incorporates its responses to the allegations to the allegations in Paragraphs 1 through 73 of the Complaint as if fully set

forth herein.

74. In answer to Paragraph 74 of the Complaint, Defendant states the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 74. Defendant further denies CPSJS's involvement in this matter.

75. In answer to Paragraph 75 of the Complaint, Defendant states the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 75.

76. In answer to Paragraph 76 of the Complaint, Defendant states the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 76. Defendant further denies CPSJS's involvement in this matter.

77. In answer to Paragraph 77 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 77.

78. In response to Paragraph 78 of the Complaint, this constitutes a prayer for relief and therefore no response is required. To the extent a further response is required, Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 78.

79. In response to Paragraph 79 of the Complaint, this constitutes a prayer for relief and therefore no response is required. To the extent a further response is required, Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 79.

80. In response to Paragraph 80 of the Complaint, this constitutes a prayer for relief and therefore no response is required. To the extent a further response is required, Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 80.

81. In response to Paragraph 81 of the Complaint, this constitutes a prayer for relief and therefore no response is required. To the extent a further response is required, Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 81.

82. In response to Paragraph 82 of the Complaint, this constitutes a prayer for relief and therefore no response is required. To the extent a further response is required, Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 82.

83. In response to Paragraph 83 of the Complaint, this constitutes a prayer for relief and therefore no response is required. To the extent a further response is required, Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 83.

## AFFIRMATIVE DEFENSES

84. Defendant alleges the following affirmative defenses with respect to the claims alleged in the Complaint, without assuming the burden of proof where the burden of proof rests on Plaintiff.

## FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

85. Pursuant to California Civil Procedure Code section 340.1, Plaintiff's causes of action against Defendant are barred by the applicable limitation period governing the damages identified in the Complaint.

## SECOND AFFIRMATIVE DEFENSE
### (Laches)

86. Plaintiff's causes of action are barred by reason of the doctrine of laches and undue delay in giving notice to Defendant of the matters alleged in the complaint and in commencing litigation.

## THIRD AFFIRMATIVE DEFENSE
### (No Special Relationship/Duty)

87. Plaintiff's claims for damages against Defendant arising out of Defendant's alleged tortious conduct are barred because no special relationship exists between Defendant and Plaintiff, barring any affirmative legal duty owing from Defendant to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE
### (No Notice)

88. Plaintiff's claims for damages against Defendant arising out of Defendant's

alleged tortious conduct are barred because Defendant lacks the requisite knowledge of the alleged perpetrator's sexual propensities.

## FIFTH AFFIRMATIVE DEFENSE
### (No Mandated Reporting Requirement)

89. During all relevant times pleaded in the Complaint, clergy were not mandated reporters.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

90. The Complaint and each purported cause of action contained therein fails to state facts sufficient to state a cause of action against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

91. By conduct, representations, and omissions, Plaintiff is equitably estopped to assert any claim for relief against Defendant respecting matters which are the subject of the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

92. As a result of the acts and omissions in the matters relevant to this Complaint, Plaintiff has unclean hands and is, therefore, barred any claims against Defendant.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver)

93. By conduct, representations and omissions, Plaintiff has waived, relinquished and/or abandoned, any claim for relief against Defendant respecting the matters that are the subject of the Complaint.

## TENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

94. Defendant denies that it was negligent in any fashion with respect to damages, losses, and injuries claimed by Plaintiff in the Complaint. However, if Defendant is found to

have been negligent, then Defendant alleges that the negligence of others was a substantial factor in causing the alleged harm, and any damages for the alleged harm, should be reduced by the percentage of others' responsibility.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Setoff and Recoupment)

95. Without conceding that any act of Defendant caused damage to the Plaintiff in any respect, Defendant is entitled to offset and recoup all obligations of the Plaintiff owing to Defendant against any judgment.

### TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

96. Defendant alleges that if Plaintiff sustained damages, which Defendant expressly denies, then Plaintiff failed to take reasonable and adequate steps to mitigate or minimize those damages.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Causation/Contribution by Third-Party Acts)

97. As and for a further affirmative defense to the Complaint, Defendant alleges that the Complaint, and each claim alleged therein, are barred because the acts or omissions alleged in the Complaint were actually and/or proximately caused by the acts or omissions committed by third parties.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

98. Plaintiff's claims for damages against Defendant are barred, in whole or in part, because they are speculative.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Party)

99. Plaintiff's claims for damages against Defendant are barred pursuant to their failure to join one or more indispensable parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

100. Plaintiff's claims for damages against Defendant are barred to the extent they rely upon confidential information and/or communications protected by an evidentiary privilege, such as the attorney-client privilege, the work product doctrine, or the priest-penitent privilege, and any other privilege in common law or found in statute.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Actions to Prevent Childhood Sexual Abuse)

101. Plaintiff's claims for damages against Defendant arising out of Defendant's alleged tortious conduct are barred because Defendant acted reasonably to avoid or prevent acts of childhood sexual assault.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Vicarious Liability for Sexual Misconduct)

102. Plaintiff's claims for damages against Defendant based on a respondeat superior theory of liability are barred because sexual misconduct falls outside the course and scope of employment and cannot be imputed to Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (First Amendment Privileges)

103. Plaintiff's claims for damages against Defendant arising out of Defendant's alleged tortious conduct may be barred by the First Amendment to the Constitution of the United States.

## TWENTIETH AFFIRMATIVE DEFENSE

### (California Constitution, Article 1, Section 4)

104. Plaintiff's claims for damages against Defendant arising out of Defendant's alleged tortious conduct may be barred by Article 1, Section 4, of the California Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Superseding/Intervening Cause)

105. The injuries and damages of which the Plaintiff complains were proximately

caused or contributed to by the acts of other persons and/or entities. Those acts were an intervening and superseding cause of the alleged injuries and damages, if any, of which the Plaintiff complains, thus barring Plaintiff from any recovery against Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Avoidable Consequences Doctrine)

106. Defendant alleges that the Complaint is barred, or any recovery should be reduced, pursuant to the avoidable consequences doctrine because Plaintiff unreasonably failed to reduce their damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Assumption of Risk)

107. Defendant alleges that the injuries and damages Plaintiff alleges in the Complaint, were solely caused by the voluntary and knowing, or implied, assumption of the risk or risks attendant to the matters complained of or alleged in the Complaint, and such knowing and voluntary, or implied, assumption of the risk absolutely bars or reduces Plaintiff's right to recovery, if any, in proportion to such knowing and voluntary, or implied, assumption of the risk.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

108. Defendant has or may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize their claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiff alleges that Defendant may have some responsibility. Therefore, Defendant reserves the right to assert additional defenses upon further particularization or clarification of Plaintiff's claims, upon examination of the documents provided, upon discovery of information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

///

///

///

## JURY DEMAND

109.  Defendant respectfully demands a jury trial on all issues so triable.

DATED: November 15, 2023				McMANIS FAULKNER

					*/s/ Elizabeth Pipkin*
					ELIZABETH PIPKIN

					Attorneys for Defendant,
					THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS